Decision and Order
SP0034-09

Territorial Law Library

FILE
2012 JAN -4 AM 10: 35

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ELEUTERIO J. MESA, ) | SPECIAL PROCEEDING |
| ) | CASE # SP0034-09 |
| Petitioner, ) | |
| ) | |
| vs. ) | DECISION AND ORDER ON PETITION |
| ) | FOR JUDICIAL REVIEW |
| GUAM CIVIL SERVICE COMMISSION ) | |
| ) | |
| Respondent ) | |
| ) | |
| and ) | |
| ) | |
| GUAM PUBLIC SCHOOL SYSTEM, ) | |
| ) | |
| Real Party in Interest. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 8, 2011, on Petitioner Mesa's Petition for Judicial Review. Attorney G. Patrick Ceville represented Petitioner, Eleuterio Mesa. Attorney Sophia Santos Diaz represented Respondent, Guam Civil Service Commission ("CSC"). Attorney Rebecca Perez Santo Tomas represented Real Party In Interest, Guam Public School System ("GPSS"). Having considered the parties' arguments and related law, the Court now issues its Decision and Order.

## FACTUAL HISTORY

Mesa, a principal, is a classified employee with the Guam Public School System. Following a dispute between Mesa and GPSS Management relating to an off island trip taken by students and two teachers at Mesa's school, GPSS issued a notice of adverse action to Mesa. On July 17, 2006, Mesa received a Final Notice of Adverse Action demoting him from his position

1

as Principal to the position of Teacher. Mesa appealed the final adverse action with CSC. Following a hearing, CSC commissioners deliberated in open session. The commissioners voted 5-1 in favor of Mesa. The Chairman, who provided the final vote in favor of Mesa, suggested that Mesa be reinstated and restored all benefits; but the Chairman also suggested that Mesa be denied back pay. The other commissioners agreed with the Chairman's recommendation.

In a written Decision and Judgment issued on January 22, 2009, CSC found by a vote of 5-1 that "Management failed to give the Employee his ability to properly respond to the Notice of Adverse Action. Management therefore violated the rules to be available to hear the answer orally or in writing or both." Mesa v. Guam Public School System, Decision and Judgment, Adverse Action Appeal Case No. 0608-AA26 (Jan. 22, 2009). However, CSC stated that it would modify the action

> by allowing the Employee to become Principal effective on the date of [Management's] decision (December 16, 2008), with any benefits for that position to be restored. However, no back pay is to be awarded. Further, pursuant to 4 GCA § 4406.1 the Employee is awarded his attorney fees.

Id. Mesa filed the present Petition for Judicial Review challenging CSC's modification of the adverse action and denial of back pay.

## DISCUSSION

In his Petition, Mesa presents two issues for this court's consideration. First, Mesa argues that CSC's determination that GPSS failed to follow its own adverse action procedures required that CSC declare the adverse action void and reinstate Mesa with full benefits *and* back pay. Second, Mesa argues that CSC lacked the authority to modify the adverse action by denying Mesa back pay despite CSC's ruling in favor of Mesa. This Court agrees with Mesa's first argument that CSC's determination that GPSS failed to follow its own procedures rendered the adverse action void and that Mesa was, at that point, entitled to all benefits and back pay.

////

////

////

2

## I.    Jurisdiction

As a threshold matter, CSC argues that the Petition for Judicial Review is untimely and that this Court therefore lacks jurisdiction to hear the matter. This Court disagrees.

A CSC decision is "final, but subject to judicial review." 4 GUAM CODE ANN. § 4406. (2005) A party seeking review of a CSC decision must file a petition for judicial review within thirty days from the date the challenged decision is issued. Perez v. Judicial Council of Guam, 2002 Guam 12 ¶ 12. In the present case, CSC issued its decision on January 22, 2009. The thirty day deadline thus fell on February 21, 2009, a Saturday. Mesa filed his Petition for Judicial Review on Monday, February 23.

Petitioner correctly states that neither CSC's internal rules nor case law addressing the timing of petitions for judicial review govern the specific scenario presented in this case in which the filing deadline for the petition falls on a weekend. In determining the applicable rule regarding the filing of a petition for judicial review the analysis begins with the Guam Civil Rules, which apply to special proceedings. CVR 1.1. Civil Rule 6.1 provides that "Guam Rule of Civil Procedure 6(a) controls the manner for computing any period of time prescribed or allowed by these Rules." Rule 6(a) of the Guam Rules of Civil Procedures provides "[i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." GUAM R. CIV. PROC. 6(a). Because the thirty day deadline fell on a Saturday, Mesa had until February 23, 2009 to file a timely Petition for Judicial Review. Mesa filed his Petition on February 23, 2009. The petition was therefore timely and this Court has jurisdiction over the matter under title 7, sections 3105 and 4104 and title 4, section 4406 of the Guam Code.

/ / / /

/ / / /

/ / / /

## II. Review of CSC's Decision

### a. *Standard of Review*

In general, an agency's determination is conclusive if it is "in accordance with the law and supported by substantial evidence." 5 G.C.A. § 9239 (Administrative Adjudication Law); Sule v. Guam Board of Dental Examiners, 2008 Guam 20 ¶ 10. An agency's interpretation of its own regulations is controlling unless that interpretation is clearly erroneous. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, 114 S. Ct. 2381, 2386, 129 L. Ed. 2d 405 (1994). "[A] decision not in accordance with the law or supported by substantial evidence shall be subject to an order of the court directing the agency to take proper action." Sule, 2008 Guam 20 ¶ 10; 5 G.C.A. § 9240.

### b. *The Procedural Defect*

In the present case, the petitioner argues that once CSC determined that GPSS had violated its own regulations by denying petitioner his right to answer the adverse action in person, CSC should have declared the adverse action void. Indeed, "[i]t is well-settled that agencies are bound to follow regulations they promulgate." Podgorney v. Barnhart, 214 F. App'x 648, 649 (9th Cir. 2006) (citing Sameena, Inc. v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998)). CSC argues, however, that under its own procedural rules it was authorized to continue the hearing and issue a decision despite its finding that the adverse action involved a procedural defect. Rule 11.7.3 of CSC's rules governing adverse action appeals[1] provides:

Rule 11.7.3 PROCEDURAL DEFECT

---

[1] The parties dispute which version of the CSC Rules Governing Adverse Action Appeals applied at the CSC hearing. This Court's decision does not rely on the substance of the disputed rule and therefore this Court declines to discuss the issue in greater detail. However, for purposes of clarity, this Court presumes that GPSS documents issued to its employees do not dictate which procedures govern at a CSC hearing. As such, this Court assumes that the applicable rules governing the hearing were those currently adopted by CSC at the time of the hearing and not the outdated rules cited by GPSS.

If the CSC finds that the adverse action was procedurally defective because it violated personnel rules or law, it may void or revoke the adverse action as it considers fair and equitable under the facts and circumstances of the action.

Civil Service Commission Rules of Procedure for Adverse Action Appeals 11.7.3 (effective March 5 2002 to March 1, 2010) (attached as Ex. A, Decl. of Sophia Santos Diaz Supp. Resp.'s CSC's Hearing Brief). This Court is not convinced by CSC's argument that this regulation is not limited to the context of CSC's own rules, but rather allows CSC to overlook a *different* agency's violation of that agency's own procedural rules. However, even assuming that CSC's interpretation is plausible and that the rule grants CSC discretion to proceed with a hearing despite its finding of a procedural violation, CSC exceeded its discretion in this case.

While an agency may "relax or modify its procedural rules adopted for the orderly transaction of business . . . when . . . the ends of justice require it," American Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539, 90 S.Ct. 1288, 1292-93, 25 L.Ed.2d 547 (1970) (citing NLRB v. Monsanto Chemical Co., 205 F.2d 763, 764) (8th Cir. 1953)), where the agency regulations are "based on a defined procedure, even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed." Vitarelli v. Seaton, 359 U.S. 535, 547, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) (Frankfurter, J., concurring)); Brown v. Civil Service Com'n, Docket No. CV-85-0081A, 1984 WL 48861 (D. Guam App. Div. October 22, 1984) (aff'd on other grounds, 818 F.2d 706 (9th Cir. 1987)) ("It is well settled that it is of no significance that the regulations are more generous than what the Constitution requires, the rules must be scrupulously adhered to"). Indeed, regulations that are "intended to protect the interests of a party before the agency . . . 'must be scrupulously observed.'" Sameena Inc. v. U.S. Air Force, 147 F.3d 1148 at 1153 (9th Cir. 1998) (quoting Vitarelli, 359 U.S. at 547, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) (Frankfurter, J., concurring)); see also Violations by Agencies of Their Own Regulations, 87 Harv. L. Rev. 629, 629-30 (1974) ("Agency violations of regulations which had been promulgated to benefit a party, by entitling him to a substantive benefit or exemption or to a procedural safeguard, have generally been invalidated by courts").

In the present case, GPSS personnel regulations confer upon an employee who is the subject of adverse action the opportunity to answer the charges in writing and in person.

ORIGINAL

Moreover, those regulations require that the acting official consider the employee's written and oral answer prior to rendering a final adverse action. These requirements confer substantial procedural protections upon an adversely affected employee prior to any final deprivation of a property interest and these regulations should have been scrupulously adhered to by GPSS. CSC's decision to proceed with a hearing on the merits after it had determined that these procedures had been violated was not in accordance with law. Once CSC determined that GPSS failed to comply with these regulations, CSC should have found that GPSS failed to effect a proper adverse action and that that the Final Notice of Adverse Action was void.

### c. *CSC's Decision to Deny Back Pay*

Having determined that the adverse action was void at the point at which CSC determined that GPSS had violated its own procedures, this Court need not discuss CSC's decision to modify, rather than revoke, the adverse action after finding in favor of Mesa.

### CONCLUSION

The CSC determined that GPSS failed to abide by its own regulations granting substantial procedural benefits to employees wishing to challenge an adverse action. Based on CSC's finding that GPSS failed to allow Mesa to properly respond to the charges, CSC should have determined that the Final Notice of Adverse Action was void. This Court concludes that CSC's Decision and Judgment is not in accordance with law and therefore reverses and remands this matter to CSC. Petitioner shall submit a judgment consistent with this Decision.

**SO ORDERED** this 4th day of January, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

'JAN 04 2012

Domingo M. Nego
Deputy Clerk Superior Court of Guam

6